# EXHIBIT 8

From: HLong@llc-attorneys.com
Sent: Wednesday, February 28, 2024 12:45 PM
To: lifefax@massmutual.com;
CC: RLeonard@llc-attorneys.com; NJacobsen@llc-attorneys.com;
Subject: [EXTERNAL]Policy No. 011520944

To Whom It May Concern:

I represent Ryan Leonard, the Receiver for Avon Capital LLC. Please find the attached documentation reflecting the appointment of Mr. Leonard as Receiver.

The Receiver has appointed Nicole Jacobsen as Manager of SDM Holdings LLC. I also attach that documentation.

Last week the United States District Court for the Western District of Oklahoma clarified the Receiver's authority, and this Order is attached as well.

The attached documents direct the Receiver to preserve the assets of SDM Holdings LLC, including the insurance policy referenced above. Please direct all communications, claims checks, maturity proceeds, and questions regarding the above referenced policy to:

>   Nicole Jacobsen, Manager of SDM Holdings LLC
>   c/o ASG, LLC
>   521 W. Wilshire Blvd., Suite 140
>   Oklahoma City, OK  73116
>   (405) 203-4342



Heidi J. Long
Attorney

**6301 N. Western Ave., Suite 250**
**Oklahoma City, OK 73118**

P 405.702.9900    D 405.803.8343
F 405.605.8381
HLong@LLC-Attorneys.com
Website | Bio

*CONFIDENTIALITY NOTE: This email message and all prior messages and attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the intended recipient. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately at (405) 702-9900 and delete the message and all copies and backups thereof.*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 14-FJ-0005-HE |
| | ) | |
| AVON CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons stated in the separate order entered this date, Ryan Leonard, Esq. is appointed as Receiver of Avon Capital LLC, a limited liability company formed under the laws of the State of Wyoming. The court further **ORDERS** as follows:

1. The Receiver shall have the powers and duties ordinarily held by court-appointed receivers. The Receiver is authorized to take possession of, manage, and operate Avon Capital LLC (Wyoming), its properties, and its activities in all aspects, subject to the supervision and control of the court. This includes the authority to exercise the membership rights of Avon Capital LLC (Wyoming) as to SDM Holdings, LLC, including the right to replace its manager if the receiver concludes that is appropriate.

2. The Receiver is directed to identify and take such steps as may be appropriate to preserve the assets of Avon Capital LLC (Wyoming), including the insurance policies held through SDM Holdings, LLC.

3. The Receiver is authorized to pay bills and expenses necessary to maintaining Avon Capital LLC (Wyoming) and its assets.

4. The Receiver is authorized to enter into contracts for those services necessary to aid the Receiver in the administration of the Receivership, including, if necessary, the retention of attorneys and accountants and other professionals, with the reasonable expenses incurred in connection therewith deemed to be expenses of the receivership.

5. Absent further order of the court, the Receiver's authority shall not extend to authorizing or directing, directly or indirectly, the sale or other disposition of the assets of SDM Holdings, LLC, including the insurance policies at issue in this case.

6. The Receiver shall be entitled to reasonable compensation for his efforts as receiver, with the cost thereof to be an expense of the receivership. The compensation shall be subject to the approval of the court. Requests for compensation shall be made monthly.

7. The Receiver is directed to file forthwith an Oath of Receiver, in substantially the form of the attachment to this order. The Receiver is directed to file or reaffirm his earlier receiver's bond, in the amount of $10,000, within **seven (7) days**.

8. The Receiver serves as such, and discharges his duties under this Order, as an officer of the court. His actions as receiver are in a representative, rather than individual, capacity. All persons dealing with the Receiver will look only to Avon Capital LLC (Wyoming), for satisfaction of all claims against, and obligations and liabilities of, the Receiver.

9. The receiver is directed to file monthly reports of his findings and activities with the court.

10. The Receiver or any party may move to supplement and/or clarify this order of appointment as necessary and appropriate.

**IT IS SO ORDERED**.

Dated this 4th day of January, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE

## REMOVAL AND APPOINTMENT OF MANAGER(S) OF SDM HOLDINGS, LLC

Pursuant to the applicable provisions of (1) the Oklahoma Limited Liability Act, as amended, 18 O.S., 2001, § 2000, et seq., (2) Sections 3.01 and 3.05 of the Operating Agreement of SDM Holdings, LLC, an Oklahoma limited liability company ("SDM"), and (3) the Order of the Court dated January 4, 2024 [Doc. No. 565] (the "Order"), in the matter styled *Universitas Education, LLC v. Avon Capital, LLC et al.*, Case No. CIV-14-FJ-0005-HE, United States District Court for the Western District of Oklahoma, the undersigned hereby removes the current Manager of SDM and appoints Nicole Jacobsen as Manager of SDM effective immediately. Ms. Jacobsen will be compensated $2,000.00 per month. This action is taken in furtherance of the Court's Order for the Receiver "to identify and take such steps as may be appropriate to preserve the assets of Avon Capital, LLC (Wyoming), including the insurance policies held through [SDM,]" and in light of Section 3.01 of SDM's Operating Agreement which provides "[t]he execution of any document by the Manager(s) on behalf of the Company will constitute *prima facie* evidence of valid action by the Company."

Pursuant to the above-referenced statute and sections of SDM's Operating Agreement, Nicole Jacobsen has the right and power to do any and all acts necessary, appropriate, proper, advisable, convenient or incidental to or for the furtherance of the lawful purposes of SDM.

Dated this 9th day of January, 2024.

_____
Ryan Leonard
Receiver for Avon Capital, LLC

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 14-FJ-0005-HE |
| ) | |
| AVON CAPITAL, LLC, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

The court-appointed receiver of Avon Capital, LLC, a Wyoming limited liability company ("Avon-Wyoming"), previously sought clarification of the court's prior determinations and orders as they relate to the status and relationship of Avon-Wyoming, SDM Holdings, LLC ("SDM Holdings"), and the portfolio of insurance policies managed for SDM Holdings by Asset Servicing Group ("ASG") [Doc. #571]. Avon Wyoming and SDM's purported owner/successors filed objections to the requested relief, contending, among other things, that this court lacked jurisdiction to entertain the motion based on their pending appeals to the Tenth Circuit Court of Appeals from the order appointing the receiver. This court concluded it should proceed on the assumption that it lacked jurisdiction to address the motion in light of the appeals and invoked the procedure contemplated by Fed.R.Civ.P. 62.1(a)(3) and Fed.R.App.P. 12.1, issuing an indicative ruling as to how it would rule on various of the matters referenced in the receiver's motion for clarification. Order, February 5, 2024 [Doc. #582]. Thereafter, the receiver sought a limited remand from the Tenth Circuit to permit this court to decide the motion

for clarification. The Tenth Circuit has since remanded the case to this court for the limited purpose of ruling on the receiver's motion to clarify. Order, February 16, 2024 [Doc. #591 in this case]. Following the remand, Phoenix Charitable Trust, representing what it represents are the owners/successors of SDM Holdings, and Avon-Wyoming filed further responses (termed "post-advisory opinions") objecting to the receiver's request.

As previously noted in the court's February 5, 2024 order, the objecting parties' grounds for objection are largely restatements, for record preservation purposes, of positions they have previously advanced and which have been rejected by this court on one ground or another. It is therefore unnecessary to re-address those arguments here. To the extent that Phoenix Charitable Trust now contends, or contends with more vigor, that SDM itself no longer exists, based on a purported merger with another Carpenter-controlled entity in 2017, the court continues to reject any such notion. The court's prior determinations as to the status of SDM and its ownership by Avon-Wyoming were based, in substantial part, on repeated explicit and implicit representations in this case by Avon-Wyoming and SDM, entities controlled by Mr. Carpenter. Those representations occurred over several years following the purported 2017 merger upon which Phoenix and Mr. Carpenter now base their changed positions. If those prior representations do not conclusively establish the falsity of Phoenix's current assertions as to the status of SDM Holdings, they at least provide ample grounds for equitable relief precluding the bait and switch tactics now being attempted. In any event, the assertions as to the non-existence of SDM Holdings are no basis for avoiding the conclusions and determinations previously reached by this court.

Those determinations, as pertinent to the receiver's request for clarification, are restated here:

1. SDM Holdings is owned by Avon-Wyoming;

2. Ryan Leonard, Esq. is the court-appointed receiver of Avon-Wyoming, with the authority to manage the affairs of Avon-Wyoming consistent with the terms of the receivership order;

3. The receiver's authority extends to exercising Avon-Wyoming's rights as the sole member of SDM Holdings, including the right to replace the manager of SDM Holdings if he concludes that is warranted;

4. The receiver has so concluded and has appointed Nicole Jacobsen as the manager of SDM Holdings; and

5. That, in light of these determinations,[1] ASG should proceed on the assumption that Ms. Jacobsen is the duly appointed manager of SDM Holdings. If ASG declines to act consistently with her instructions, it does so at its peril. The potential reach of the court's contempt powers is not altogether clear in the somewhat unusual circumstances of this case, but the issue would be pursued and explored. Further, the possibility of claims against ASG by petitioner or others exists if non-compliance with the court's orders results in injury to a third party.

---

[1] *The court's various orders reflecting these determinations are disputed and on appeal but have not been stayed by the posting of a supersedeas bond or otherwise.*

The receiver's Motion to Clarify Authority [Doc. #571] is **GRANTED**, clarifying or re-stating the court's determinations as set out above.[2]

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *Other motions pending include ASG's motion for interpleader, the receiver's motion for payment of fees and costs, and petitioner's motion for modification of injunction. Those motions are not at issue and will be dealt with in due course.*