# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> SDM HOLDINGS, LLC, an Oklahoma Limited Liability Company; <br><br> And <br><br> SDM HOLDINGS, LLC, a Connecticut Limited Liability Company <br><br> Defendants. | No. 5:24-cv-000863-HE |

## AMENDED COMPLAINT FOR INTERPLEADER

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") by and through its undersigned attorneys, hereby files this Amended Complaint for Interpleader against Defendants SDM Holdings LLC, an Oklahoma Limited Liability Company ("SDM-OK"), and SDM Holdings LLC, a Connecticut Limited Liability Company ("SDM-CT") (collectively, the "Defendants"). In support thereof, MassMutual states as follows:

### INTRODUCTION

1. By way of this interpleader action, MassMutual seeks a determination from the Court regarding the proper beneficiary of the death benefit proceeds that are payable

on a life insurance policy issued, insuring the life of now-deceased William M. Taylor (the "Insured").  MassMutual has received competing claims to the Policy Proceeds, and brings this action in good faith to resolve all competing claims in one litigation.

2. MassMutual is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Springfield, Massachusetts.

3. Upon information and belief, the Insured lived and died in Boston, Massachusetts.

4. Upon information and belief, Defendant SDM-CT, is or was a Limited Liability Company organized and existing under the laws of the State of Connecticut, with its principal place of business in Avon, Connecticut.

5. Upon information and belief, Defendant SDM-OK, is or was a Limited Liability Company organized and existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1335 because MassMutual seeks interpleader relief as a disinterested stakeholder obligated under a life insurance policy wherein the Policy Proceeds exceed $500, and two or more adverse claimants of diverse citizenship claim to be entitled to the proceeds.

7. Venue is proper in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1397, because at least one of the defendants resides in this judicial district.

8. In this statutory interpleader action, nationwide service of process is made pursuant to 28 U.S.C. § 2361, and this Court may exercise personal jurisdiction over all Defendants.

## BACKGROUND FACTS

9. On or about August 1, 1997, MassMutual issued a Whole Life Policy, Policy No. 11 520 944 (the "Policy"), insuring the life of William M. Taylor (the "Insured") with a face amount of $40,000 (the "Policy Proceeds"). A true and correct copy of the Policy is attached hereto as **Exhibit 1**.[1]

10. As a result of Change of Owner and Beneficiary requests processed throughout the duration of the Policy, on or about April 24, 2009, "SDM Holdings, LLC" became the owner and beneficiary of the Policy. A true and correct copy of the 2009 Transfer of Ownership Form is attached hereto as **Exhibit 2**.

11. On or about October 19, 2021, SDM-OK sent MassMutual a Third-Party Authorization Form renewing Asset Servicing Group ("ASG") as an authorized party for the Policy with a list of affiliated individuals. ASG administers the portfolio of certain insurance policies held by SDM-OK, including the Policy at issue. A true and correct copy of the 2021 Authorization documents are attached hereto as **Exhibit 3**.

12. Additionally, SDM enclosed copies of an Order from the Western District of Oklahoma, issued on September 22, 2021, by the Honorable Joe Heaton, Case No. 14-FJ-0005-HE styled as *Universitas Education LLC, vs. Avon Capital, LLC, et al.* (the "Avon Lawsuit"). In relevant part, the Order: (1) identified Ryan Leonard ("Mr.

---

[1] All exhibits have been redacted to protect privacy and confidentiality.

Leonard") as the receiver of Avon Capital LLC ("Avon"); (2) authorized Mr. Leonard to exercise membership rights and manage the assets of Avon, which included insurance policies held through SDM-OK; and (3) authorized Mr. Leonard to replace the manager of SDM-OK.  *See* Ex. 3.

13. As such, MassMutual established an authorization on the Policy noting that ASG and Avon, i.e., Mr. Leonard, were permitted to receive and submit information on behalf of SDM-OK.

14. On or about October 31, 2023, SDM-OK submitted an updated authorization form for ASG.  This form was undersigned by Nicole Jacobsen ("Ms. Jacobsen"), acting in the asserted capacity as manager of SDM-OK.  Enclosed with the authorization was a copy of a "*Removal and Appointment of Manager(s) of SDM Holdings, LLC*" document dated November 11, 2021, and executed by Mr. Leonard, appointing Ms. Jacobsen as manager of SDM-OK.  A true and correct copy of the 2023 Authorization documents are attached hereto as **Exhibit 4**.

## COMPETING CLAIMS FOR THE POLICY PROCEEDS

15. Upon information and belief, the Insured died in Massachusetts on November 7, 2023.

16. On November 20, 2023, a representative from ASG informed MassMutual of the Insured's death and requested a life insurance claim form for the Policy on behalf of SDM-OK.

17. On November 20, 2023, MassMutual sent a beneficiary confirmation letter and claim form to ASG.  The letter advised that SDM-OK was the recorded primary

beneficiary of the Policy. Additionally, on November 24, 2023, MassMutual sent ASG a letter listing the documents required to process a claim on the Policy. True and correct copies of the Beneficiary Confirmation Letter and Claim Letter are attached hereto as **Exhibit 5**.

18. On or about January 17, 2024, ASG submitted a completed Life Insurance Claim Form on behalf of SDM-CT. The documentation was executed by Jonathan Boothroyd ("Mr. Boothroyd"), acting in the asserted capacity as manager of SDM-CT. A true and correct copy of the Life Insurance Claim Form Documents are attached hereto as **Exhibit 6**.

19. Notwithstanding, on or about January 19, 2024, MassMutual notified ASG that the claim could not be processed without a completed Notice and Election Form and Request for Consideration Paid Form.

20. On or about February 20, 2024, MassMutual received the remaining forms needed for the claim executed by Mr. Boothroyd. Shortly thereafter, Mr. Boothroyd sent additional correspondences requesting an address change for SDM—to reflect his appointment as manager and the principal place of business as Avon, Connecticut—and he provided a corporate resolution form. True and correct copies of Mr. Boothroyd's February 2024 correspondences are attached hereto as **Exhibit 7**.

21. On or about February 28, 2024, MassMutual received correspondence from Heidi Long, an attorney representing Mr. Leonard in his capacity as receiver for Avon, providing three additional court documents related to the Avon Lawsuit. True and correct

copies of the Correspondence and the following Court Documents are attached hereto as **Exhibit 8**:

    a.    An Order dated January 4, 2024 (*Id*. at 3), again identified Mr. Leonard as receiver of Avon and held that as receiver Mr. Leonard has the authority to replace the manager of SDM-OK;

    b.    A filed copy of the *Removal and Appointment of Manager of SDM* dated January 9, 2024 (*Id*. at 6), which purported to appoint Ms. Jacobsen as the sole manager of SDM-OK; and

    c.    An Order dated February 22, 2024, which held in relevant part, that SDM-OK is owned by Avon, Mr. Leonard is the receiver of Avon, he has appointed Ms. Jacobsen as the sole manager of SDM-OK, and thus ASG should proceed on the assumption that Ms. Jacobsen is the duly appointed manager. *Id*. at 9.

22.    On or about March 5, 2024, ASG submitted a completed Notice and Election Form and Request for Consideration Paid Form on behalf of SDM-OK. True and correct copies of Ms. Jacobsen's Forms are attached hereto as **Exhibit 9**.

23.    Notably, these documents were executed by Ms. Jacobsen in her capacity as manager of SDM-OK. However, the initial claim documents ASG submitted were executed by Mr. Boothroyd as manager of SDM-CT. *See* Ex. 6.

24.    As such, MassMutual informed ASG that the recent forms did not match the appointed manager that MassMutual had on file for the pending claim.

25. On or about March 15, 2024, Mr. Boothroyd contacted MassMutual again advising that he also submitted completed copies of the Notice and Election Form and Request for Consideration Paid Form (*See* Ex. 7) and requested that all future communication regarding the Policy and claim be directed to him. Additionally, Mr. Boothroyd provided copies of SDM-CT's 2024 filings with the Connecticut Secretary of State. He asserted that Avon (and Mr. Leonard by association) had no relation, nor ownership rights, to SDM-CT and the documents submitted under Ms. Jacobsen's name were fraudulent. True and correct copies of Mr. Boothroyd's March 2024 Documents are attached hereto as **Exhibit 10**.

26. Subsequently, Ms. Jacobsen sent MassMutual a copy of a court order entered in the Avon Lawsuit, dated March 29, 2024, granting an emergency modified injunction that enjoined all persons and entities on behalf of SDM-CT (specifically including Mr. Boothroyd) from attempting to act upon the insurance portfolio held by SDM or interfering with ASG's administration of the portfolio via the current manager designated by the receiver, i.e., Mr. Leonard. A true and correct copy of the March 2024 Court Order is attached hereto as **Exhibit 11**.

27. On or about April 2, 2024, Mr. Leonard sent a letter to MassMutual reiterating his position that any attempt to access the Policy or claim information by Mr. Boothroyd, or on behalf of SDM-OK, is unauthorized. As such, he requested that MassMutual refrain from corresponding with said individuals regarding the Policy. Mr. Leonard again enclosed copies of the aforementioned court documents provided establishing SDM as an Oklahoma entity. A true and correct copy of Mr. Leonard's

7

April 2024 correspondence (omitting duplicate enclosures) is attached hereto as **Exhibit 12**.

28.     On or about April 4, 2024, Mr. Boothroyd sent a letter to MassMutual reiterating *his* position that he is the sole appointed manager of SDM-CT and any contradictory documents are fabricated. Mr. Boothroyd again enclosed copies of the documents filed with the Connecticut Secretary of State. A true and correct copy of Mr. Boothroyd's April 2024 correspondence (omitting duplicate enclosures) is attached hereto as **Exhibit 13**.

29.     Based on the foregoing, it remains unclear which of the individual(s) asserting authority on behalf of SDM—either appointed through SDM-OK (i.e., Ms. Jacobsen and Mr. Leonard) or by SDM-CT (i.e., Mr. Boothroyd)—has rightful authority to act as it relates to the Policy.

30.     Indeed, the claim paperwork submitted by Ms. Jacobsen and Mr. Boothroyd and reflect that SDM-OK and SDM-CT have identical employer identification numbers. *See* Ex. 9 at 4, Ex. 10 at 9 (respectively).

31.     According to the Avon Lawsuit Orders, the Court confirmed the existence of SDM-OK and identified Ms. Jacobsen as the duly appointed manager of SDM-OK, based upon prior representations made by counsel. *See* Ex. 8, at 9.

32.     Notwithstanding, SDM-OK was terminated on February 19, 2018, and was "canceled" three years later on February 19, 2021, as reflected by the present Oklahoma SOS records. Upon information and belief, it has not been reinstated as an active LLC to date.

33. As such, even if Ms. Jacobsen is the rightful manager of SDM-OK, it is unclear whether it maintains a legal existence such that Ms. Jacobson can exercise that authority, specifically as to the Policy at issue.

34. In essence, Mr. Leonard and Ms. Jacobson, have asserted that they have lawful authority to act on behalf of SDM-OK as to the Policy, and any information or communication on behalf of SDM-CT is inaccurate and inconsistent with the Avon Lawsuit orders. *See* Ex. 12.

35. Conversely, Mr. Boothroyd and his attorney, acting on behalf of SDM-CT, have asserted that SDM-CT is the rightful owner of the Policy. They contend that, despite the Avon Lawsuit Orders, no such Oklahoma entity exists in relation to SDM-CT. *See* Ex. 13.

36. As a result, MassMutual cannot determine without peril whether SDM-OK or SDM-CT is entitled to the Policy Proceeds.

37. MassMutual has no interest in the Policy Proceeds, is an innocent and disinterested stakeholder, and faces competing claims of Defendants to the Policy Proceeds.

38. Therefore, it is necessary for MassMutual to file this interpleader action in federal court, which has jurisdictional national service of process over all the defendants under applicable federal law.

## **CLAIM FOR INTERPLEADER**

39. MassMutual incorporates by reference each preceding paragraph of this Complaint as if fully set forth herein.

40. MassMutual acknowledges that the Policy Proceeds are payable due to the death of the Insured. However, in light of the competing claims and representations from the Defendants, MassMutual is at risk of being subject to double or multiple liability.

41. Based on the foregoing, there is presently an actual, justiciable controversy between and among the Defendants, as to their respective rights under the Policy and to the Policy Proceeds.

42. SDM-OK and SDM-CT have competing claims with respect to the Policy Proceeds, and an interpleader action is necessary to protect MassMutual from being exposed to multiple liability and/or inconsistent rulings as to its liability for the Policy Proceeds.

43. MassMutual is a disinterested stakeholder with respect to whom the Policy Proceeds should be paid. MassMutual has no legal interest in the outcome of any dispute that may exist among any of the Defendants with respect to the Policy Proceeds. MassMutual has been unfairly drawn into this dispute and brings this interpleader action as the only appropriate recourse to resolve all possible disputes among the Defendants with respect to their claims to the Policy Proceeds.

44. MassMutual is ready, willing, and able to tender the Policy Proceeds to the Clerk of the Court or other Court-ordered escrow representative.

45. Upon tender of the Policy Proceeds, MassMutual should be dismissed with prejudice from any further involvement or participation in this action. Thereafter, the Defendants should be required to interplead with each other to determine their respective rights, if any, to the Policy Proceeds.

46. MassMutual has incurred costs and fees related to this interpleader action to resolve the competing claims to the Policy Proceeds. MassMutual requests an award of its costs and reasonable attorneys' fees to be deducted from the Policy Proceeds prior to deposit with the Clerk of Court.

**WHEREFORE**, MassMutual respectfully requests that this Court enter an Order in favor of MassMutual and against the Defendants as follows:

a. Authorizing MassMutual to deposit with the Clerk of the Court or other Court-ordered escrow representative, the Policy Proceeds that are payable under the Policy due to the death of William M. Taylor;

b. Requiring the Defendants to interplead with each other to determine their respective rights, if any, to the Policy Proceeds;

c. Declaring that MassMutual has no further liability with respect to the Policy, including the Policy Proceeds, and no further liability to any of the Defendants;

d. Enjoining and restraining the Defendants, their agents, attorneys or assigns from instituting any action of proceeding in any state or federal court against MassMutual related to the Policy or the Policy Proceeds or seeking any contractual or extra-contractual damages from MassMutual related thereto;

e. Dismissing and discharging MassMutual from this action with prejudice;

f. Awarding MassMutual its reasonable attorneys' fees and costs incurred to be paid from the Policy Proceeds; and

g. Grant MassMutual any such other or further relief that the Court deems appropriate.

*s/Andrew M. Bowman*
Andrew M. Bowman-OBA# 22071
Peyton S. McMillin-OBA# 34721
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
andrewbowman@oklahomacounsel.com
peytonmcmillin@oklahomacounsel.com

ATTORNEYS FOR PLAINTIFF
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I certify that on October 28, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and notice of the filing of this document will be sent to the following known counsel and parties of record:

**SDM Holdings, LLC**
10 Tower Lane, Ste. 100
Avon, CT 06001

**SDM Holdings, LLC**
521 West Wilshire Blvd, Ste. 140
Oklahoma City, OK 73116

*s/Andrew M. Bowman*
